Vermont Superior Court
Filed 02/07/25
Windham Unit

VERMONT SUPERIOR COURT

Windham Unit
7 Court Street
Newfane VT 05345
802-365-7979
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 21-CV-01251

---

### John Doe v. New England Kurn Hattin Homes

---

## ENTRY REGARDING MOTION

Title:      Motion to Compel Deposition Testimony from Stephen Harrison (Motion: 55)
Filer:      David J. Shlansky
Filed Date: December 20, 2024

The motion is GRANTED IN PART and DENIED IN PART.

The court extends the deposition of Mr. Harrison pursuant to V.R.C.P Rule 30(d)(2) on the grounds that Plaintiff is entitled to answers to some of the questions that were not answered at the deposition as more particularly described below. The scope of subject matter of the extended deposition is limited to those questions posed and objected to at the time of the original deposition and for which the court below grants the motion to compel, including followup to those questions. No new subject areas may be introduced.

Mr. Harrison is required to respond to Plaintiff's questions regarding the Independent Investigation and may only decline to answer specific questions that would require disclosure of information protected by court rulings, personal privileges, and confidentiality agreements Defendant has made with third parties, i.e., agreements other than the parties' own confidentiality agreement for this case. The fact that some information may be subject to the confidentiality agreement in this case does not automatically make it privileged if no confidentiality agreement with a third party or other privilege protects the information.

Mr. Harrison is required to answer questions about information he learned from the Independent Investigation (subject to the terms above concerning confidentiality agreements with third parties) including information provided by Plaintiff himself to the Investigator. He is also required to answer questions from Kurn Hattin's own files from prior to the Investigation even if such records were provided to the Independent Investigator. Such files do not qualify as attorney work product, and would be subject to discovery had there been no Independent Investigation. However, Plaintiff is reminded that although he may obtain some information about the Investigation and content of the Report in discovery as provided herein, he is prohibited from making certain disclosures by the confidentiality agreement in this case and from disclosing content of the Report to any third parties by the Order of January 17, 2025.

Mr. Harrison must answer questions from the Independent Investigation about events or documents from after 1974 *only if* there is some relation to John Doe's experience prior to leaving Kurn Hattin. See Page 3 of Order of December 16, 2024. "Some relation to John Doe's experience" means some action or event that affected Plaintiff directly or in which he was involved. It does not include a pattern or practice, knowledge, credibility, or intent that took place after 1974 unless Plaintiff was specifically involved personally or in a category of persons who were affected prior to 1974. It is the witness who is testifying under oath, not Defendant's attorney, who is required to make any representation that a question calls for information that has no relation to Plaintiff's experience at Kurn Hattin.

No grounds have been shown for Mr. Harrison not to answer questions about statements he or other Kurn Hattin personnel made publicly. However, regarding Plaintiff's argument related to DCF and Agency of Education investigations of Kurn Hattin, the deposition pages attached show that such investigations took place decades after Plaintiff's involvement with Kurn Hattin and concerned incidents after Kurn Hattin's conduct toward Plaintiff. Defendant's counsel objected on grounds of relevance as well as other grounds. Defendant's objections on relevance grounds to questions about investigations into occurrences that took place long after the subject matter of this case were well-founded. Discovery may be obtained "regarding any non-privileged matter that is *relevant* to any party's claim or defense and proportional to the needs of the case. . .." V.R.C.P. 26 (b)(1).[1] (Emphasis added.) Plaintiff's claims are personal to himself arising from his experience at Kurn Hattin from 1968-1974.[2] Plaintiff's request to compel answers to questions about investigations into events that involved others and occurred after that time period is denied.

Plaintiff seeks discovery about Defendant's financial resources as relevant to his claim for punitive damages. The court adopts the procedure described in rulings by Judges Katz, Meaker, Cheever, and McCaffrey such that Defendant shall prepare a written affidavit with responses to all of the deposition questions about Defendant's financial resources plus followup questions about financial resources that are asked at the extended deposition. The document shall be held by Defendant's counsel. Should the case go to trial, Defendant's counsel shall bring the document to court, and at such time, if any, that the Plaintiff makes a sufficient showing to proceed on the punitive damages claim, the Plaintiff may request the court to order the document to be disclosed to Plaintiff's counsel.

The court declines Plaintiff's request for attorneys' fees for several reasons. While some of Plaintiff's requests to compel have been granted, some significant ones have not. Plaintiff proceeded to take the deposition in November before Defendant's Motion for a Protective Order regarding the scope of the 30(b) deposition was ripe for resolution. Some of the disputes would not have occurred if the deposition had taken place after the court's ruling on that motion.

---

[1] See Reporter's Notes to 2017 Amendment: The amendment "significantly redefin[es] the scope of discovery under the former Vermont rule. Discovery must now be relevant to any party's claim or defense, as opposed to being reasonably calculated to lead to the discovery of admissible evidence.. . .A proportionality requirement has been added. . ."

[2] Plaintiff's claims are for gross negligence, breach of fiduciary duty, intentional infliction of emotional distress, grossly negligent infliction of emotional distress, and battery. See Amended Complaint.

Moreover, a motion to compel under Rule 37 requires an affidavit or certificate of compliance with the 'meet and confer' requirement of Rule 26 (h). There is no such affidavit or certificate or showing of compliance. Exhibit B attached to the Motion shows that Defendant's counsel stated "We think you have met your meet and confer obligations." This is insufficient to show compliance with what the meet and confer obligation requires, and the record itself does not show that a serious interpersonal dialogue took place to sort out the issues raised in the motion. Ordinarily the court would not address a motion to compel without meaningful 26 (h) compliance. The court has made an exception in this instance because of the unusually complicated issues presented by the history of the Investigation and in order to avoid further delay in completing discovery. Finally, there were sufficient grounds for some of Defendant's objections at the deposition and opposition to some claims made in the motion. For these reasons, pursuant to Rule 37(a)(4), the court declines to make an award of expenses.

The extended deposition shall be concluded no later than **March 14, 2025**.

Electronically signed February 7, 2025 pursuant to V.R.E.F. 9 (d).

Mary Miles Teachout
Superior Judge (Ret.), Specially Assigned